Joe N. LOUIS, Petitioner—Appellant,

v.

Ron Van BOENING, Respondent— Appellee.

No. 07–35941.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 2009.

Filed Feb. 25, 2009.

Laura Mate, Assistant Federal Public Defender, Lissa Shook, Esquire, Federal Public Defender's Office, Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Assistant Attorney General, Attorney General's Office Corrections Division, Paul D. Weisser, Senior Counsel, Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: B. FLETCHER, RYMER and FISHER, Circuit Judges.

## MEMORANDUM [*]

Joe Louis appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254, following his conviction by a Washington state jury. We consider only the issue certified for appeal by the district court—whether Louis' convictions for first degree kidnapping and first degree robbery violate the Fifth Amendment's Double Jeopardy Clause— and decline to expand the district court's certificate of appealability to include the uncertified issue raised in Louis' opening brief. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The test to determine whether the punishment of a single course of conduct under two separate statutes violates double jeopardy " 'is whether each provision *requires* proof of a fact which the other does not.' " *Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) (quoting *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)) (emphasis added). The Washington Supreme Court concluded Louis' convictions did not violate double jeopardy, because "in order to prove robbery, the State is required to prove a taking of personal property, which is not an element of kidnapping, while kidnapping requires the State to prove the use or threatened use of 'deadly force,' which is not an element of robbery." *State v. Louis,* 155 Wash.2d 563, 120 P.3d 936, 939 (2005) (en banc) (internal quotation marks and alterations omitted); *see also In re Petition of Fletcher,* 113 Wash.2d 42, 776 P.2d 114, 118–19 (1989) (en banc); *State v. Vladovic,* 99 Wash.2d 413, 662 P.2d 853, 858–59 (1983) (en banc). We accept the Washington state court's articulation of the elements of state crimes, but we are constitutionally obligated to review, in light of those defined elements, the state court's conclusion that each offense requires proof of a fact the other does not. *See, e.g., Hunter,* 459 U.S. at 368, 103 S.Ct. 673 (holding the Court was "bound to ac-

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cept the Missouri court's construction of that State's statutes" but was "not bound by the Missouri Supreme Court's legal conclusion that these two statutes violate the Double Jeopardy Clause"); *Dixon v. Dupnik,* 688 F.2d 682, 684 (9th Cir.1982) ("Although state courts retain ultimate authority to interpret the elements of state statutes for purposes of prosecution, their definition of the elements does not necessarily answer the ultimate question whether there is a violation of the double jeopardy clause."). Because this is a habeas petition, we review that conclusion for objective reasonableness. *See* 28 U.S.C. § 2254(d)(1); *Lockyer v. Andrade,* 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

■ **2.** As the Washington Supreme Court has defined the elements of each crime, first degree kidnapping requires proof of a fact not required for first degree robbery. In reviewing Louis' convictions, the state court relied on its earlier decision in *Vladovic,* 662 P.2d at 858–59, in which it identified five elements for first degree robbery and two elements for first degree kidnapping. First degree kidnapping's "abduction" element requires proof the defendant "restrain[ed] the victim's movement without his consent by use or threatened use of *deadly* force," *id.* at 859 (emphasis added), whereas "[r]obbery does not include an element of 'deadly force' but only requires a taking by 'force' and the display of what appears to be a deadly weapon," *id.* Although first degree robbery, like first degree kidnapping, contains a force requirement and a deadliness requirement (albeit in two distinct elements), only first degree kidnapping requires proof that restraint of the victim's freedom of movement be *caused* by *deadly* force. In contrast, any restraint inherent

in obtaining or retaining personal property during a first degree robbery can be *caused* by *non-deadly* force. First degree robberies may result in restraint caused by threat of deadly force, because a weapon is brandished concurrent with the use or threatened use of non-deadly force, but, as the state court has defined the elements of each offense, proving robbery does not *require* proof that the use or threatened use of deadly force caused restraint, i.e., kidnapping's abduction element.

■ **3.** The state court's conclusion that only first degree robbery requires proof of a taking of personal property was not objectively unreasonable. First degree robbery requires proof of a completed taking of personal property, whereas first degree kidnapping does not require proof that the underlying felony, in this case first degree robbery, was actually completed. *See Louis,* 120 P.3d at 939, 940; *Fletcher,* 776 P.2d at 119, 120; *Vladovic,* 662 P.2d at 857, 858–59; *cf. Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) (opining that prosecution for conspiracy to commit gambling and substantive gambling offenses satisfies the *Blockburger* test because conspiracy requires proof of agreement to commit gambling offenses and substantive offense requires actual completion of gambling).

**AFFIRMED.**